**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN SCOTT DEPETRO, | No. 13-35737 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00546-TOR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted July 21, 2014[**]

Before:      HUG, FARRIS, and CANBY, Circuit Judges.

John DePetro appeals the district court's summary judgment affirming the

Commissioner of Social Security's decision denying his application for

supplemental security income under Title XVI of the Social Security Act.  DePetro

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  DePetro's unopposed motion to submit this appeal on the briefs is **GRANTED**.

contends that an administrative law judge ("ALJ") erred in giving limited weight to the opinion of examining psychologist Debra Brown, Ph.D., and in giving greater weight to the opinion of non-examining psychological consultant Edward Beaty, Ph.D.. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Andrews v. Shalala*, 53 F.3d 1035, 1039 n.1 (9th Cir. 1995). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g); *Andrews,* 53 F.3d at 1039.

The ALJ properly rejected Dr. Brown's unsupported opinion that DePetro had "marked" limitations in his relationships with people and his ability to maintain appropriate behavior in the work setting. *See Bray v. Commissioner of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988) (permitting ALJ to reject medical opinion not supported by objective findings). These limitations were unsupported by Dr. Brown's own notes regarding DePetro's daily activities and mental status exam findings, and were inconsistent with other evidence in the record. *See Andrews*, 53 F.3d at 1041 (permitting ALJ to reject examining physician's opinion in reliance on non-examining source if that source is supported by other evidence in the record and consistent with it).

2

Substantial evidence supports the ALJ's decision to give greater weight to Dr. Beaty's opinion because that opinion is consistent with other evidence in the record. *See Andrews*, 53 F.3d at 1041. This includes the opinions of other non-examining consultants, Dr. Brown's notes regarding DePetro's daily activities and mental status exam findings, evidence that DePetro had not received regular treatment, *see Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (permitting ALJ to consider claimant's unexplained failure to seek treatment in weighing credibility), the fact that no treating physician had placed any physical limitations on DePetro, and mental health records from the Community Health Association of Spokane.

**AFFIRMED.**